IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

IGNACIO SALCIDO,

     Petitioner,

v.

UNITED STATES OF AMERICA,

     Respondent.

Civ. No. 20-0897 KG/JFR
CR No. 16-4290-1 KG/JFR

## ORDER ADOPTING MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter comes before the Court on the Proposed Findings and Recommended Disposition (PFRD) by United States Magistrate Judge John F. Robbenhaar, (Doc. 11)[1], and the objections thereto, (Doc. 15). The PFRD recommends that the Court deny Petitioner Ignacio Salcido's Motion to Vacate under 28 U.S.C. § 2255 (Petition) and dismiss the Petition with prejudice. Judge Robbenhaar determined that Petitioner failed to establish his claim of ineffective assistance of counsel (IAC). Petitioner's objections to the PFRD reiterate his IAC claims, specifically that counsel failed to provide a copy of the Form 13 Presentence Investigation Report (PSR), failed to conduct necessary and vital pre-trial investigation, and failed to otherwise challenge the Government's case. *See* (Doc. 15). Petitioner continues to argue that he is factually innocent, despite his guilty plea. *See* (CR Docs. 60, 61). The Court has conducted its *de novo* review of the case, pursuant to 28 U.S.C. § 636(b)(1), including a thorough review of the evidence of record, and has considered each of Petitioner's objections. Having conducted its review, the Court overrules Petitioner's objections and will, therefore,

---

[1] Unless otherwise stated, all docket citations refer to the civil case, 20-cv-0897 KG/JFR.

adopt the PFRD.  The Petition is hereby dismissed with prejudice and a Certificate of
Appealability is denied.

As an initial matter, Petitioner's objections span twenty-five hand-written pages.  The
Court addresses the central points made therein, however, Petitioner has not organized his
objections into discrete sections that correspond to the PFRD.  Furthermore, much of Petitioner's
objections are not so much legal in substance, but read as cynical complaints about a seemingly
unfair and one-sided criminal justice system.  *See, e.g.*, (Doc. 15) at 2 ("Even if we could get
supposed victim into courtroom to tell the true story, they (Government, Court) would call this
secondary, the truth is not important here."); *id.* at 21 ("This is a good old boy system, all the
judges and lawyers are friends… [My] first lawyer was right, I never had a chance.").  To
facilitate the Court's analysis of Petitioner's wide-ranging complaints, the Court utilizes the
structure employed by the Magistrate Judge in the PFRD and addresses Petitioner's objections
where they best apply.

A.  *Petitioner's Guilty Plea was Knowing and Voluntary*

Petitioner generally argues that he only pleaded guilty because he had been informed that
the alternative was a sentence of between 135-168 months, or even 22 years to life, if he were to
be convicted after trial.  *See, e.g.*, (Doc. 15) at 3 ("…when life or 22 years or anything more than
10 years was [ ] possible in this case…"); *id.* at 7 ("Then I have a Judge saying to me 'come try
us, we'll give you life it's totally up to you.'  I was like no thank you, if you guys are capable of
ignoring the evidence, maybe they are capable [of giving a] 22 year sentence or up to life.").
Had he been properly informed that his actual sentencing range was 97-121 months, as set forth
in the Form 13 PSR, Petitioner argues he never would have pleaded guilty.  *Id.* at 7 ("[the

lawyer] never showed [the Form 13 PSR] to me, because he knew it showed I had nothing to lose by going to trial…").

As thoroughly detailed in the PFRD, Petitioner's argument that his guilty plea was somehow coerced or involuntary lacks support in the record.  This Court conducted the change of plea hearing personally, and as demonstrated by the transcript, Petitioner confirmed numerous times that he was pleading guilty voluntarily and that he thought doing so was in his best interest. *See* (CR Doc. 76) at 25 (Petitioner confirmed that no one threatened him to get him to plead guilty); *id.* at 29-30 ("I do believe that this plea bargain is in my best interest;" "It's in my best interest;" "I would like to move forward with this plea;" "…this plea [is] in my best interest, I do believe so…").  The Court's knowing and voluntary inquiry was thorough and detailed, and gave Petitioner ample opportunity to step back and not plead guilty.  *See* (CR Doc. 164) at 2 (the Court finding that "the plea agreement, the plea colloquy, and the Court's observations of Defendant at the change of plea hearing all demonstrate that Defendant knowingly and voluntarily entered into the guilty plea."); *see also United States v. Salcido*, 783 F. Appx. 800, 801 (10th Cir. 2019) (at the plea hearing, Salcido "reaffirm[ed] his desire to accept the terms of the plea agreement. … [and] admitted that he was guilty.").  Furthermore, the fact that the Court advised the Petitioner of the correct statutory maximum penalties if convicted under the operative statute does not somehow make the Court's inquiry coercive, notwithstanding Petitioner's claim to the contrary.  *See* (Doc. 15) at 13 ("…if Judge Gonzales would have said 'here's [the] Form 13, you're not facing more than 10 years, you can go to trial and present your side,' but instead he said the statute carries up to life…"); *see also Salcido*, 783 F. Appx. at 803 ("The court's statement was thus describing Salcido's fear that he would be sentenced to life if

convicted at trial, not suggesting that he actually would receive a life sentence."). Petitioner's

change of plea was not coerced and was entered into knowingly and voluntarily by Petitioner.

Petitioner appears to argue in the alternative that his guilty plea was not knowing because

he had not been properly apprised of the likely Sentencing Guidelines range that he would face

in the event of a conviction after trial. Even assuming that counsel did not provide a copy of or

otherwise discuss the Form 13 PSR with Petitioner prior to his guilty plea, the controlling statute

at issue in Petitioner's case, 18 U.S.C. § 2423(a), carries a mandatory minimum sentence of ten

years imprisonment, up to life. After sustaining his objections to certain Guideline

enhancements, *see* (CR Doc. 173) at 3, this Court imposed a sentence of 120 months, the

minimum sentence authorized under law. (CR Doc. 174). Petitioner did as well as he otherwise

could, absent dismissal of the case or being convicted under a different statute. And whether

Petitioner would have received the same sentence had he been convicted after trial is far from

certain. Nonetheless, assuming without deciding that it was ineffective for counsel to not review

the Form 13 PSR with his client, Petitioner is unable to demonstrate that he suffered prejudice.

*Strickland v. Washington*, 466 U.S. 668, 687-88 (1984) (holding successful IAC claim requires

showing both that (1) "counsel's representation fell below an objective standard of

reasonableness," and (2) "the deficient performance prejudiced the defense").

The Court finds no error in the Magistrate Judge's conclusion that Petitioner's guilty plea

was knowing and voluntary.

B. *Petitioner Fails to Demonstrate that His Lawyer was Ineffective by Not Obtaining Evidence or Otherwise Conducting a Thorough Investigation*

Petitioner also disputes that the evidence against him could be classified as strong and

that, had his attorney(s) done their job, the charges would have been dismissed. Petitioner

vigorously argues that a video recording from Walmart would have demonstrated, for example,

that the victim not only looked to be an adult, but also that she had been left with his cellphone in the vehicle with the keys in the ignition, facts purportedly demonstrating that the victim could not have been kidnapped.  (Doc. 15) at 5 ("The main subject later admitted that she misled me which is why the state case was dismissed… That's why the video was so important…").  Petitioner also disputes that he ever formed the requisite intent to commit a crime, (Doc. 15) at 6, partly due to the fact that he had no knowledge that the victim was a minor.  *Id.* at 9 ("I did not know, then how could I have intended[?]"); *see also id.* at 12 (discussing how victim appeared to be 18 years or older).  Petitioner argues that if only the right facts were uncovered he could have demonstrated his innocence.

This Court determines that the evidence against Petitioner in this matter was strong.  The Magistrate Judge aptly provided a synopsis of the evidence in the case, specifically statements made by percipient witnesses of Petitioner's actions with the victim, including those of the victim herself.  *See* (Doc. 11) at 14.  These statements are more fully reflected in the Presentence Investigation Report, which this Court closely reviewed prior to Petitioner's sentencing hearing; indeed, after considering objections from the parties to the PSR, the Court accepted the Plea Agreement and imposed the minimum sentence of 120 months, finding that the resolution of the objections do not materially alter the reasonableness of the Rule 11(c)(1)(C) Plea Agreement.  (CR Doc. 199) at 51 ("Sentencing Transcript").

Though perhaps not a direct objection to the PFRD but an argument that goes to the strength of the evidence, Petitioner asserts that the state charges that were originally brought against him were dismissed because the victim recanted her story, and if his lawyer had been diligent in pursuing the victim's change of story, the federal case would have been dismissed as well.  Petitioner appears to equate the § 2243(a) charge here with a possible, unnamed state

charge, but fails to recognize that dismissal in state court could have occurred for any number of reasons. Indeed, the *Nolle Prosequi* filed by the state prosecutor indicates that "[Petitioner] is facing federal criminal charges stemming from the same factual basis as the [state] matter" and "[i]t is in the interest of judicial economy to dismiss the instant matter and allow the [Petitioner] to answer his federal charges." *State of New Mexico v. Ignacio Salcido*, No. D-307-CR-201600949, *Nolle Prosequi*, filed Apr. 5, 2017.[2] Regardless of the reason for dismissal, the fact that state charges may have been dismissed cannot prove that the instant federal case was infirm and vulnerable to dismissal, if only the attorney had done a better job. There being nothing in the record to support this broad claim, it is rejected.

Petitioner also objects to the PFRD's reliance on *United States v. Lacy*, 904 F.3d 889 (10th Cir. 2018), which the Magistrate Judge cited for the proposition that the Government need not prove that the defendant knew the victim (in a sex trafficking case) was under the age of 18. (Doc. 15) at 4; *see* (Doc. 11) at 17. While the Court understands that Petitioner would certainly prefer that the statute's "knowing" element applied to his understanding of the victim's age, the Tenth Circuit explicitly held "that a conviction under § 2433(a) does not require proof that the defendant knew the victim was a minor." *Lacy*, 904 F.3d at 898. Petitioner's request to "accept that courts make mistakes" is essentially an invitation to overrule Tenth Circuit precedent, which this Court cannot do. *See United States v. Spedalieri*, 910 F.2d 707, 709 n.2 (10th Cir. 1990) ("A

---

[2] *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (noting court "may exercise [its] discretion to take judicial notice of publicly-filed records in . . . certain other courts concerning matters that bear directly upon the disposition of the case at hand"); *see also St. Louis Baptist Temple v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[I]t has been held that federal courts . . . may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

district court must follow the precedent of this circuit . . . ."). As the PFRD identified, *Lacy* controls. Therefore, Petitioner's objection is overruled.


   C. *Counsel Did Not Violate His Duty of Loyalty to His Client*

   Within his objections, Petitioner presents no cognizable and specific argument regarding his attorneys violating their duty of loyalty to him. Accordingly, the Court adopts Judge Robbenhaar's recommendation on this issue. *See United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("a party's objections to the magistrate judge's report and recommendation must be both timely *and specific* to preserve an issue for de novo review by the district court or for appellate review") (emphasis added).

   D. *Other Objections Made By Petitioner*

   Petitioner states that the Magistrate Judge incorrectly stated that the third attorney refused to provide legal research on recusals, when in fact it was the second attorney who failed to provide this information. (Doc. 15) at 16-17. Petitioner states that the Magistrate Judge could have avoided making this error by holding a hearing. *Id.* at 16. But the larger point made by Petitioner appears to be that the Magistrate Judge made no effort to understand the Petitioner's claims, and whether it be the attorney's failure to provide legal research, his failure to provide a copy of the Form 13 PSR, or even his failure to secure a furlough so Petitioner could see his ailing father before he passed. The Court accepts that Petitioner is left with what appear to be sincerely felt disagreements with the way his counsel defended his case, but that dissatisfaction does not translate into ineffective assistance. Because Petitioner cannot demonstrate that his attorneys acted ineffectively, or that he suffered prejudice as a result of his counsel's actions, his claims must fail.

Petitioner also avers that this Court somehow orchestrated the rift between Petitioner and his fourth attorney, which resulted in Petitioner representing himself with counsel on stand-by status at his sentencing hearing. Petitioner claims that "Judge [Gonzales] knowingly and with intent acted in a way that eventually left defendant without [an] attorney." (Doc. 15) at 20. Yet, like his other claims of ineffective assistance of counsel, Petitioner fails to support this new theory, let alone why the Court would want a criminal defendant to appear *pro se* with stand-by counsel. There is no sense to this scenario, nor is there any basis to support the claim that the Court somehow "hijacked" Petitioner's rights. *Id.* at 20. Furthermore, the fact that Petitioner failed to raise this issue in his original briefing constitutes waiver of the same. *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1030, 1030-31 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

E. *Whether The Magistrate Judge's Recommendation Against The Issuance Of A Certificate Of Appealability (COA) Is Appropriate*

The Court considers whether the Magistrate Judge erred by recommending against the issuance of a COA. The standard is set forth in *Buck v. Davis*, 137 S.Ct. 759 (2017), which states that the "only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." 137 S.Ct. at 773 (citing *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.").

The Court agrees with the Magistrate Judge and finds that Petitioner has failed to demonstrate that reasonable jurists would find the Court's assessment of his constitutional claim

debatable or wrong.  (Doc. 11) at 14 (citing *Slack,* 529 U.S. at 484).  Petitioner cannot establish

his claim for ineffective assistance of counsel.  Therefore, a COA is inappropriate.

IT IS THEREFORE ORDERED that:

1.     Petitioner's objections are overruled and the Magistrate Judge's Proposed

Findings and Recommended Disposition (Doc. 11) are adopted;

2.     Petitioner's motion to appoint counsel, (Doc. 14), is denied, as Petitioner is not

entitled to counsel in this post-conviction proceeding.  *See, e.g.*, *Ross v. Moffitt*, 417 U.S. 600,

616 (1974) (declining to extend right to counsel beyond the first appeal of a criminal conviction);

*Pennsylvania v. Finley,* 481 U.S. 551, 556 (1987) (holding that there is no right to counsel in

state collateral proceedings after exhaustion of direct appellate review);

3.     Petitioner's Motion (Doc. 1) is denied with prejudice; and

4.     A Certificate of Appealability is denied.

                    UNITED STATES DISTRICT JUDGE